IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00449 HG-01 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| WILLIAM BAUTISTA, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF Nos. 117 and 130)**

Defendant is currently incarcerated at Federal Correctional Institution Sheridan in Oregon with a projected release date of September 11, 2023.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic and to provide care for his family members.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF Nos. 117 and 130) is **DENIED**.

STANDARD OF REVIEW

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified

1

by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
>    (i)   extraordinary and compelling reasons warrant such a reduction;
> ...
>        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.  Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.  Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1.B.13. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

**PROCEDURAL HISTORY**

On July 27, 2017, the grand jury returned an Indictment charging Defendant and two co-conspirators with various counts relating to an armed robbery. (Indictment, ECF No. 26). Defendant Bautista was charged, as follows:

- Count 1: Conspiracy to Commit a Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a);

- Count 2: Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); and,

- Count 3: Using a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

(Indictment at pp. 1-4, ECF No. 26).

On January 8, 2018, Defendant Bautista pled guilty to Counts 1 and 2 of the Indictment pursuant to a Memorandum of Plea Agreement. (ECF Nos. 79-84). The Parties jointly recommended a sentence of 84 months imprisonment in the Memorandum of Plea Agreement. (ECF No. 82 at p. 8).

On June 21, 2018, the Court sentenced Defendant Bautista to 84 years imprisonment as to Counts 1 and 2, with each term to run concurrently. (ECF Nos. 103, 105). The Court granted the Government's oral Motion to Dismiss Count 3 in the Indictment. (Id.)

On December 27, 2021, Defendant, proceeding pro se, filed a MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)(COMPASSIONATE RELEASE). (ECF No. 117).

On December 28, 2021, the Court appointed the Federal Public

Defender's Office to assist Defendant in seeking compassionate release and issued a briefing schedule.  (ECF No. 118).

On January 21, 2022, the Court granted Defendant's request for an extension of time.  (ECF No. 128).

On February 1, 2022, Defendant filed a Supplemental Motion in support of his request for compassionate release with the assistance of counsel.  (ECF No. 130).

On February 16, 2022, the Government filed its Opposition. (ECF No. 134).

On the same date, the Government filed an Errata.  (ECF No. 135).

On March 7, 2022, Defendant filed his Reply.  (ECF No. 138).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## **ANALYSIS**

Defendant Bautista is 26 years old.  Defendant is currently incarcerated at Federal Correctional Institution Sheridan in Oregon.

Pursuant to the Ninth Circuit Court of Appeals' decision in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021), District Courts are compelled to exercise their discretion to decide what constitutes an extraordinary and compelling reason to warrant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  United States v. Hinkle, 2921 WL 3617189, *3

(W.D. Wash. Aug. 16, 2021).

Defendant bears the burden to demonstrate an extraordinary and compelling reason that warrants immediate release from incarceration. United States v. Crisp, 2021 WL 3663534, *4 (E.D. Cal. Aug. 18, 2021); United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

Defendant Bautista seeks release for two reasons:

(1)  Due to his concerns related to COVID-19; and,

(2)  due to medical issues of his mother and cousin.

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Sanchez, Crim. No. 13-00513 JMS-02, 2021 WL 3409186, *2 (D. Haw. Aug. 4, 2021); United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020).

The Centers for Disease Control and Prevention ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19. The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised. See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

## I.   Compassionate Release Based On Defendant's Own Health

Defendant Bautista has not submitted any medical records to support his request for compassionate release.  Defendant Bautista states that he had asthma as a child, but clarified in his Supplemental Motion for Compassionate Release that he "has no recent diagnosis of asthma."  (Supplemental Motion at p. 2, ECF No. 130).

Defendant does not have any medical issues that would support a finding of extraordinary and compelling reasons to warrant immediate release.  The risk of Defendant contracting COVID-19 is low.  Defendant contracted COVID-19 in September 2021.  (Gov't Ex. 3 at p. 1, ECF No. 134-3).  Defendant is fully recovered from the disease.  (Gov't Ex. 4 at p. 1, ECF No. 134-4).

In addition, the Government reports that Defendant was scheduled to be vaccinated against COVID-19 while in Bureau of Prisons custody as of February 2022.  (Gov't Motion at p. 3, ECF No. 134).

Defendant's risk of symptomatic re-infection is greatly diminished and counsels against a finding of extraordinary and compelling reasons to grant compassionate release.  Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions, which Defendant Bautista does not have.  United

7

States v. Tammy Sue Hayes, 2021 WL 2533517, *3 (D. Idaho June 21, 2021).

Defendant's risk of contracting COVID-19 for a second time and suffering serious health issues is minimal given Defendant's young age, his lack of any underlying serious medical conditions, his prior infection with COVID-19, and his scheduled vaccination against COVID-19.  Defendant has not demonstrated extraordinary and compelling reasons for immediate release based on his concerns about contracting COVID-19.  Sanchez, 2021 WL 3409186, at *5.

Defendant makes a number of arguments about the Federal Correctional Institution Sheridan and his conditions of confinement.  Defendant cannot challenge his conditions of confinement in a Motion for Compassionate Release.  United States v. Jackson, 2021 WL 5370250, *4 (D. Nev. Nov. 16, 2021).  Motions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 and must be brought in the district court where the defendant is confined.  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).  This Court is without jurisdiction to consider challenges to the conditions of Defendant's confinement in Oregon.  United States v. Numann, 2020 WL 1977117, *4 (D. Alaska Apr. 24, 2020).

## II. COMPASSIONATE RELEASE TO CARE FOR DEFENDANT'S MOTHER AND/OR COUSIN

Pursuant to Sentencing Guideline Section 1B1.13's Commentary Application Notes C, family circumstances may provide a basis to establish "extraordinary and compelling reasons" for compassionate release. This definition is not binding, but may provide guidance for the Court's analysis of "extraordinary and compelling reasons." Aruda, 993 F.3d at 802.

Defendant's Reply states that he seeks compassionate release for "his family's needs." (Reply at p. 3, ECF No. 138). Defendant attached a letter from his mother stating that she needs assistance from Defendant to care for her. (Mother's Letter, attached as Ex. A at p. 2 to Def.'s Reply, ECF No. 138-1). Defendant also attached a letter from his cousin stating that she suffers from a number of ailments and wishes for Defendant to provide care for her. (Cousin's Letter, attached as Ex. A at pp. 3-4, ECF No. 138-1).

There are no medical records submitted in support of Defendant's claim that he is needed to provide care for his mother or cousin. There is no evidence from any medical provider that no one else may provide assistance to Defendant's mother or cousin. The availability of other caregivers is critical to the analysis. United States v. Cyre, 2021 WL 1394125, *4 (W.D. Wash. April 13, 2021).

Defendant has failed to demonstrate extraordinary

circumstances for his immediate release based on the purported health issues of his mother and cousin.

### III. Section 3553(a) Factors And Defendant's History and Characteristics

#### A.   History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that his release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

In this case, Defendant admitted in his Memorandum of Plea Agreement that he persuaded his two co-conspirators to rob Makaha Ohana Market.  (Memorandum of Plea Agreement at pp. 5-6, ECF No. 82).  Defendant decided the roles that his co-conspirators would have and also involved a minor in the robbery to drive the getaway vehicle.  (Id.)

During the robbery, Defendant pointed a 9mm Beretta handgun at the cashier, and ordered him to empty the cash register and to give the contents to Defendant.  (Id.)  Defendant "racked" the gun while pointing it at the cashier, while one co-conspirator pointed another gun at the cashier and the third co-conspirator acted as a lookout.  (Id.)  Defendant admitted in the plea agreement that the cashier feared for his life while the

10

Defendant pointed a handgun at him and demanded the money from the register. (Id.)

Defendant's Presentence Report demonstrates that Defendant has a prior arrest for robbery along with an arrest for promoting a dangerous drug in July 2017. (Presentence Report at ¶ 58, ECF No. 95).

In Defendant's Memorandum of Plea Agreement, Defendant and the Government jointly agreed that a sentence of 84 months imprisonment was appropriate based on the Section 3553(a) factors. (Memorandum of Plea Agreement at p. 8, ECF No. 82). The Plea Agreement states, as follows:

> [T]he parties agree to jointly recommend a sentence of **84 months,** near the top of the sentencing guideline range. The defendant is making this concession because he is aware that if he were found guilty of Count 3, the Court would be required to sentence him to *at least* 84 months consecutive to any term of imprisonment imposed for Counts 1 or 2. The parties further agree that in applying the factors set forth in 18 U.S.C. § 3553(a), a sentence of 84 months is sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing.

(Id.)

The Court accepted the joint recommendation of the Parties and sentenced Defendant to the agreed-upon 84 months imprisonment. (Judgment, ECF No. 105).

### B. The Section 3553(a) Factors Do Not Support Defendant's Immediate Release

Defendant's sentence to the agreed-upon term of imprisonment

11

of 84 months remains appropriate considering the Section 3553(a) factors.  Defendant's immediate release would not adequately reflect the seriousness of the armed robbery offense, would not properly deter similar criminal conduct, and would not protect the public.  Defendant was deemed to be a leader of the armed robbery in the Presentence Report.  He also received an upward adjustment for involving a minor in the armed robbery. (Presentence Report at ¶¶ 44-45, ECF No. 95).  Defendant received a sentence that was jointly recommended by the Parties.  The sentence was within the sentencing guidelines.  Defendant has not demonstrated that a reduction in sentence is appropriate.  (Id. at p. 26).  The factors in Section 3553(a) do not support the immediate release of the Defendant.

Defendant Bautista has not demonstrated extraordinary and compelling reasons for compassionate release.  Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

//
//
//
//
//
//
//
//

**CONCLUSION**

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 117 and 130) is **DENIED**.

IT IS SO ORDERED.

Dated: March 23, 2022, Honolulu, Hawaii.



Helen Gillmor
United States District Judge